Dear Representative Hopkins:
This office is in receipt of your request for an opinion of the Attorney General in regard to appointment of the Chief of Police in the Town of Greenwood pursuant to Act 984, 2001 relative to R.S. 33:381. You indicate the Chief of Police recently died, and the Town is concerned about the proper procedure to implement this law. Accordingly, you ask for an outline of the necessary procedure for the Mayor and Council to take in resolving this matter.
The title to Act 984 of 2001 indicates it was to enact R.S. 33:381(C)(21) relative to the town of Greenwood to provide for the appointment of the chief of police of the town, "including provisions relative to the qualifications, selection, employment contract, compensation, and duties of said appointed chief of police". The Act states, "R.S. 33:381(C)(21) is hereby enacted to read as follows:
 (a) Notwithstanding any provision of law to the contrary, the board of aldermen of the town of Greenwood may, upon recommendation of the mayor, determine that the chief of police shall not be elected at large but shall be appointed by the mayor upon approval by majority vote of the board of aldermen. No such action shall affect the term of an elected chief of police. If the office is vacant or filled by an officer temporarily appointed at the time of such action by the board, the appointment shall be effective immediately.
 (b) If the board decides to make the office of police chief an appointed position, the salary of the appointed chief of police shall be established by the board of aldermen upon recommendation by the mayor. The board of aldermen shall enter into a contract with the appointed chief of police to provide for the terms of employment. The mayor and board of aldermen shall establish the duties and responsibilities of the appointed chief of police and he shall report directly to the mayor. The term of office of the appointed chief shall be concurrent with that of the appointing mayor and aldermen. The appointed chief of police need not reside within the municipal limits of the municipality.
Pursuant to the statutory revision authority of the Louisiana State Law Institute since several Acts of 2001 all enacted a paragraph designated as Par. (21) of R.S. 33:381(C), Act 984 was redesignated as Par (22). While the provisions of the Act set forth the action in determining that the chief of police would not be elected, it further provides "no such action shall affect the term of an elected chief of police." However, inasmuch as the elected chief has died, a vacancy was created, and the Act specifies,"If the office is vacant or filled by an officer temporarily appointed at the time of such action by the board, theappointment shall be effective immediately." (Emphasis added.)
Therefore, to implement this law the procedure must follow the provisions of the Act which became effective on June 27, 2001. Thus, to change the position from an elected chief to an appointed chief, the law requires first there must be a recommendation of the mayor to the board of aldermen that the chief shall not be elected, but appointed by him. Upon such recommendation, a majority vote of the board of aldermen is required to have the change to an appointed chief of police rather than elected which would become "effective immediately."
Following a majority vote of the aldermen to make the office an appointed position, the mayor must recommend a salary which will be established by the board of aldermen for an appointed chief. Thereafter, the mayor and aldermen must establish the duties and responsibilities for an appointed chief. After setting forth the duties and responsibilities of the chief, the aldermen must enter into a contract with the individual named by the mayor, and approved by their majority vote to fill the position. If the appointee selected by the mayor is not approved by the aldermen, the mayor must continue to make selections until obtaining the approval of the board. The board must then enter into a contract with the appointee that sets forth the terms of employment, which term will be concurrent with the mayor and board. Following completion of a contract by the board of aldermen with the appointee, the appointed chief will than answer to the mayor in accordance with the statutory provision directing that "he shall report directly to the mayor."
We hope this sufficiently sets forth the procedure to be followed to implement the law in question.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr